UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| HERSCHEL S. CRAIN, JR., | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 3:12-CV-38-TLS |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) ) ) ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

The Petitioner, Herschel S. Crain, Jr., a prisoner confined at the Miami Correctional Facility, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], challenging his 1997 Hamilton County convictions for murder and felony battery. The Respondent has filed his Return to Order to Show Cause [ECF No. 9], in which he argues that the Petitioner procedurally defaulted most of his claims and that the state courts reasonably adjudicated his remaining claims. This matter is before the Court on the Petitioner's Motion for Appointment of Counsel [ECF No. 5], his Motion to Withdraw his Petition Without Prejudice [ECF No. 12], his Motion to Amend/Correct his Motion to Withdraw his Petition [ECF No. 15], and his Motion for Extension of Time to File Traverse [ECF No. 16].

**MOTION FOR APPOINTMENT OF COUNSEL**

Whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). "[A]ppointment of counsel for indigents in habeas corpus and section 2255 proceedings rests in the sound discretion of district courts unless denial would result in fundamental fairness impinging on due process rights." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting *LaClair v. United States*, 374 F.2d 486,

489 (7th Cir.1967)). The Seventh Circuit has stated that appointment of counsel is necessary "only 'if, given the difficulty of the case and the litigant's ability, [a petitioner] could not obtain justice without an attorney . . . could not obtain a lawyer on [his] own, and . . . would have had a reasonable chance of winning with a lawyer at [his] side.'" *Winsett*, 130 F.3d at 281 (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)). The Seventh Circuit applies "liberal standards to this inquiry, because there is a certain circularity to the argument. An unskilled lay defendant may have trouble showing the court which of his arguments has serious legal merit, whereas a lawyer may be able to see right away which parts of the case have possibilities." *Howard v. Gramley*, 225 F.3d 784, 794 (7th Cir. 2000). Analysis of a request for appointment of counsel should include a consideration of the applicant's "competence to litigate his claims." *Pruitt v. Mote,* 503 F.3d 647, 660 (7th Cir. 2007).

This Petitioner's claims are not extraordinary or complex, and he has not demonstrated any inability to research and adequately present his claims. On the contrary, his filings so far indicate to the Court that he is well able to represent his interests. The issues and arguments are already framed by the state court record, which will be reviewed by this Court. Accordingly, the Court concludes that the Petitioner is competent to litigate his claims and will deny his request for appointment of counsel.

## MOTIONS TO WITHDRAW OR STAY THE PETITION

After the Respondent filed his Return to Order to Show Cause, the Petitioner filed a Motion to Withdraw his Petition Without Prejudice, stating that "in order to prevent a ruling of procedural default against the Petition for habeas corpus above, Petitioner must first attempt to exhaust all claims fully in the state court." (Mot. to Withdraw 1, ECF No. 12.) In the Motion to Withdraw, the Petitioner requests that the Court dismiss his Petition without prejudice, and

2

suggests that he wishes to return to state court, litigate unexhausted claims, and then return to federal court with a new habeas petition. Subsequently, the Petitioner filed a Motion to Amend/Correct his Motion to Withdraw his Petition, in which he asks the Court to use the stay and abeyance procedure described in *Rhines v. Weber*, 544 U.S. 269 (2005), and to stay his present habeas petition rather than dismiss it without prejudice.

Under *Rhines v. Weber*, the Court has discretion to stay rather than dismiss a petition containing unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). If the Court were to conclude that a habeas petition filed by the Petitioner in the future would be untimely, the Court should not dismiss his current Petition.

The Respondent has filed a Response [ECF No. 14] in which he advises the Court that "[s]hould this Court dismiss Petitioner's habeas action without prejudice, he has 25 days remaining . . . to timely file a habeas petition." (Response 4, ECF No. 14.) According to the Respondent's analysis, the Petitioner used all but twenty-five days of his time available under the statute of limitations before filing his Petition, and "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Rhines v. Weber*, 544 U.S. at 274–75. Because the Petitioner's statutory time period to file a habeas petition has now expired, dismissal of this Petition would effectively end any chance at federal habeas review by the Petitioner. Accordingly, the Court will deny his Motion to Withdraw his Petition Without Prejudice.

In his Motion to Amend/Correct, the Petitioner also asks this Court to stay these proceedings, pursuant to *Rhines v. Weber,* until he is able to return to state court and exhaust his remaining claims. The Respondent argues that a stay is not appropriate because the Petitioner has procedurally defaulted his unexhausted claims.

3

Under *Rhines v. Weber*, if there are unexhausted claims, this Court must determine whether "there was good cause for the petitioner's failure to exhaust his claims first in state court," 544 U.S. at 277, and even where there was good cause for that failure, the district court should not "grant him a stay when his unexhausted claims are plainly meritless," *id.* The Petitioner does not state in either his Motion to Withdraw or his subsequent Motion to Amend/Correct his Motion to Withdraw specifically what claims he wishes to attempt to present to the state courts by means of a successive petition for post-conviction relief, nor does he attempt to show good cause for not having presented these claims to the state courts in his direct appeal or in his earlier post-conviction proceedings. Because the Petitioner has not met his burden under *Rhines* by showing that he has good cause for not having presented his claims to the state court earlier and that the unexhausted claims have merit, the Court will deny his request for a stay.

**MOTION FOR EXTENSION OF TIME TO FILE TRAVERSE**

On October 26, 2012, the Petitioner filed a Motion for Extension of Time to File Traverse, requesting a second extension of time until November 30, 2012, within which to file his Traverse. The Petitioner's previous deadline for filing his Traverse was October 26. The Petitioner filed his Traverse [ECF No. 17] on November 30, 2012. The Court will grant the Motion for Extension of Time, making the Traverse timely filed as of November 30.

**CONCLUSION**

For the foregoing reasons, the Court: (1) DENIES the Petitioner's Motion for Appointment of Counsel [ECF No. 5]; (2) DENIES the Petitioner's Motion to Withdraw his

4

Petition Without Prejudice [ECF No. 12]; (3) DENIES the Petitioner's Motion to Amend/Correct his Motion to Withdraw his Petition [ECF No. 15]; and (4) GRANTS his Motion for Extension of Time to File Traverse [ECF No. 16].

SO ORDERED on December 12, 2012.

                                              s/ Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION