# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| HERSCHEL S. CRAIN, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-38-TLS |
| SUPERINTENDENT, MIAMI CORRECTIONAL FACILITY, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, Herschel S. Crain, Jr., a prisoner confined at the Miami Correctional Facility, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1], challenging his 1997 conviction in the Hamilton Superior Court for murder and felony battery, for which he is serving a sixty year sentence. The Petitioner presents ten grounds in his habeas petition, all of which assert that his trial counsel was ineffective. (Petition 3–7, ECF No. 1.)

This Petition is governed by the Anti-Terrorism and Death Penalty Act of 1996, *see Lindh v. Murphy*, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In reviewing a petition for federal collateral relief from a state court judgment of conviction, this Court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Ruvalcaba v. Chandler*, 416 F.3d 555, 559–60 (7th Cir. 2005). Moreover, the Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Ruvalcaba*, 416 F.3d at 559–60.

# BACKGROUND

The Indiana Supreme Court affirmed the Petitioner's convictions on October 20, 2000. *Crain v. State*, 736 N.E.2d 1223 (Ind. 2000). As stated by the Indiana Supreme Court on direct appeal, the facts in the Petitioner's case are as follows:

> The facts most favorable to the verdict show that near the end of October 1994, Defendant Herschel Crain and his wife, Dorothea ("Dot") Crain, were arguing in Defendant's room in the Carmel Motel. During this argument, Defendant struck Dot, breaking several of her ribs and causing her to fall down and crack her skull. Defendant left his injured wife in this motel room, returning several days later to find her dead. He then buried her body behind the motel, and denied any involvement in her disappearance when questioned by police about the matter.
>
> Over two years later on January 4, 1997, Defendant was arrested in Kokomo, Indiana, on unrelated criminal charges. During his incarceration at the Howard County Criminal Justice Center, Defendant admitted responsibility for his wife's death in a taped interview to Kokomo Detective Douglas Mason, but he claimed "it was accidental." Soon thereafter, Defendant was transported to Carmel where he led Carmel Detective Charlie Harting to an area behind the Carmel Motel; there, police officials discovered and removed Dot Crain's body. An autopsy and forensic tests performed on the body indicated that Dot's death was a homicide.

*Crain*, 736 N.E.2d at 1229 (citations and footnotes omitted).

The Petitioner unsuccessfully sought post-conviction relief, and the Indiana Court of Appeals affirmed the denial of post-conviction relief on July 26, 2011. (Mem. Decision, ECF No. 9-11.) The Indiana Court of Appeals set forth the following additional procedural facts:

> On May 24, 2010, Crain filed an amended petition for post-conviction relief, alleging that his status as a habitual offender should be vacated because one of his two prior predicate felony convictions had been reduced to a misdemeanor. Crain further argued ineffectiveness of trial and appellate counsel for failing to challenge a notation in the forensic pathologist's curriculum vitae. As discussed above, the notation indicated that Crain was alleged to be a habitual offender. The vitae sheet was admitted into evidence at trial without objection. Crain also alleged in his petition for post-conviction relief that his trial counsel was ineffective for failing to hire a defense forensic pathologist and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on that basis.

>       Following a hearing on October 1, 2010, the post-conviction court issued
> findings of fact and conclusions of law and vacated the thirty-year habitual offender
> enhancement upon the finding that one of the predicate felony convictions had been
> reduced to a misdemeanor. However, the post-conviction court denied Crain's
> remaining claims.

(Mem. Decision 3–4.) The Indiana Supreme Court denied transfer on October 13, 2011. (Online Docket, ECF No. 9-7 at 4–5.)

## ANALYSIS

I. **The Petitioner's Ineffective Assistance of Counsel Claims Presented in Grounds Seven and Eight of his Petition.**

In ground seven of his Petition, the Petitioner asserts that his trial counsel was ineffective for failing to present evidence that the victim "was complaining of head trauma and pain" from "being assaulted by 2 other men that she lived with before spending [the] night with Appellant on the night of her death." (Petition 6.) In ground eight of his Petition, the Petitioner alleges that his trial counsel was ineffective for failing to show that he was incarcerated at the time the victim's sister testified that he called from a motel and threatened to kill the victim. (*Id.*) The Petitioner raised both of these claims in his direct appeal. (Appellant's Br. 54–55, ECF No 9-3.)

"Ineffective assistance of counsel claims require the petitioner to establish that his counsel's performance fell below an objective standard of reasonableness, and this deficiency actually caused prejudice." *Martin v. Evans*, 384 F.3d 848, 851 (7th Cir. 2004) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). To satisfy the first prong of the *Strickland* test, a habeas applicant must show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. *Williams v. Taylor*, 529 U.S. 362, 390 (2000). In considering counsel's performance, a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

3

assistance." *Strickland*, 466 U.S. at 689. To satisfy the *Strickland* test's second prong, a habeas petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

In its review of the Petitioner's appeal, the Indiana Supreme Court properly identified the *Strickland* standard as governing the resolution of his ineffective assistance of trial counsel claims. *Crain*, 736 N.E.2d at 1238. To support a claim of ineffective assistance of counsel on habeas review, a petitioner must show that the state court's application of *Strickland's* attorney-performance standard was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

In regard to the Petitioner's argument that his wife may have been assaulted by two other men before her death, the Indiana Court of Appeals found that:

> We cannot say that trial counsel was ineffective in not presenting the testimony of two male witnesses, "Mike W. and Rick F.," who Defendant now claims on appeal may have been "romantically involved with the victim" and may have "battered the victim during her lifetime ... caus[ing] damage to the victim's skull." There is simply no evidentiary basis to support this claim of ineffective assistance of counsel: nowhere in the record is there any indication that the victim was romantically involved with either of these men or that they may have battered the victim.

*Crain*, 736 N.E.2d at 1240 (citation and footnote omitted).

The victim's sister testified that the Petitioner "called her collect in late August or early September 1994 and threatened to kill Dot." *Id.* at 1241. The Petitioner argued that recalling her to the stand would have revealed that he was incarcerated during this time frame, so he could not have made the collect call from jail. The Indiana Supreme Court rejected the Petitioner's claim that he was prejudiced by counsel's failure to recall the victim's sister. *Id* at 1240.

4

> Once again, there is simply no evidentiary basis to support Defendant's claim of ineffective assistance of counsel. Nowhere in the record is there any indication that Defendant was unable to place a collect call during this period of incarceration. Moreover, we frequently see cases where the record indicates that inmates are sometimes allowed to make collect phone calls while incarcerated. In fact, there was evidence presented at the suppression hearing that Defendant had amassed "astronomical" phone bills talking with a woman during his pre-trial incarceration for this matter. (Defense Counsel: "[She] has been talking with [Defendant] on a regular basis when he was in the Hamilton County Jail early on and ... their phone bills were astronomical according to my client....")

*Crain*, 736 N.E.2d at 1241 (citation omitted).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.*

In this case, the Court finds that the Indiana courts reasonably applied *Strickland's* attorney-performance standard to the Petitioner's ineffective assistance of counsel claims. Accordingly, he is not entitled to habeas relief on grounds seven or eight of his Petition.

**II.     The Petitioner's Ineffective Assistance of Counsel Claims Presented in Grounds One, Two, Three, Four, Five, Six, Nine, and Ten of his Petition.**

In grounds one, two, three, four, five, six, nine, and ten of his Petition, the Petitioner argues that trial counsel was ineffective in: (1) failing to argue the "doctrine of completeness" with regard to the admission of his taped statement to police; (2) failing to cross-examine Officer Mason about alleged untruthful testimony that he did not have prior knowledge of the Petitioner when he interviewed him; (3) failing to argue that pathologist was not qualified to give an

opinion regarding cause of death; (4) failing to argue that Doctors Nowicki and Cavanaugh were not qualified to testify as forensic pathologists; (5) allowing the State to use the victim's skull as a visual aid; (6) opening the door during opening statement to evidence of prior acts to show intent; (9) failing to object to a "[j]ailhouse rumor" offered by the State; and (10) failing to argue against the imposition of an enhanced sentence. In his Response to Order, the Respondent argues that all of these claims are barred by the doctrine of procedural default.

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *O'Sullivan*, 526 U.S. at 845. Failure to exhaust available state court remedies constitutes a procedural default when a claim "was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet*, 390 F.3d at 514. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *O'Sullivan*, 526 U.S. at 844.

A second type of procedural default occurs when the state court addressing the petitioner's claim disposed of it on an adequate and independent state law ground. *Coleman v. Thompson*, 501 U.S.722, 729–32 (1991); *see also Lee v. Kemna*, 534 U.S. 362, 374 (2002). Federal courts will not review a question of federal law decided by a state court if that decision

rests on state law grounds that are independent of the federal question and adequate to support the judgment. *Coleman*, 501 U.S. at 729; *Franklin v. Gilmore*, 188 F.3d 877, 881 (7th Cir. 1999). The independent and adequate state ground doctrine applies to "bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman*, 501 U.S. at 729–30; *Franklin*, 188 F.3d at 881. The independent and adequate state law ground may be based either upon substantive state law or upon a violation of state procedural rules. *Harris v. Reed*, 489 U.S. 255, 260–61 (1989). For a state procedural ground to bar review, the state court actually must have relied upon the procedural bar as an independent basis for its disposition of the case. *Id.* at 261–62.

On direct appeal to the Indiana Supreme Court, the Petitioner argued that his trial counsel was ineffective for several reasons. (Appellant's Br. ii, ECF No. 9-3 at 4.) But he did not submit any of the arguments in grounds one, two, three, four, five, six, nine, and ten of his habeas petition to the Indiana Supreme Court in his direct appeal.

In addressing the Petitioner's appeal of the denial of his post-conviction petition, in which he raised additional claims regarding his counsel's effectiveness, the Indiana Court of Appeals held that because he "raised the issue of ineffective assistance of trial counsel on direct appeal" he "is precluded from doing so at this juncture." (Mem. Decision 6.) "[A defendant], having once litigated his Sixth Amendment claim concerning ineffective assistance of counsel, is not entitled to litigate it again, by alleging different grounds." *Sawyer v. State*, 679 N.E.2d 1328, 1329 (Ind. 1997). Like the United States Supreme Court, the Supreme Court of Indiana has held that criminal defendants always may reserve ineffectiveness of trial counsel "for collateral review. But it [has] also held that, if the defendant *does* elect to argue ineffective assistance on

7

direct appeal, this is the only shot; a defendant must choose which time to make the argument and cannot do it twice. Again this parallels the federal practice." *Timberlake v. Davis*, 409 F.3d 819, 821 (7th Cir. 2005) (citations omitted).

The Indiana Court of Appeals concluded that the new allegations of ineffective assistance of trial counsel presented in the petition for post-conviction relief were precluded based on this procedural bar, and that these grounds are procedurally forfeited. (Mem. Decision 6.) This is an independent and adequate state law procedural ground that bars habeas review of any of those claims of ineffective assistance of counsel. Thus, the claims presented in the habeas petition that were not presented either in the Petitioner's direct appeal or in his post-conviction proceedings are procedurally defaulted because he did not attempt to exhaust his state court remedies and because such claims would now be procedurally barred. *Perruquet*, 390 F.3d at 514.

A habeas petitioner can overcome a procedural default by showing both cause for his failure and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default "ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

In his Traverse, the Petitioner presents arguments on the merits on the claims presented in grounds one, two, three, four, five, six, nine, and ten of his Petition. But he does not argue that there was an "external impediment" to the defense that prevented his counsel from raising the claims presented in those grounds in his direct appeal.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice.

8

*House v. Bell*, 547 U.S. 518, 536 (2006). Under this narrow exception, a habeas applicant must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the crime. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Carrier*, 477 U.S. at 496). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's." *Buie v. McAdory*, 341 F.3d 623, 626–27 (7th Cir. 2003). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). So, in order to prevail on this argument, a petitioner bears the burden of demonstrating that he is innocent and was wrongfully convicted as a result of his trial counsel's actions or inactions.

The Petitioner asserts that the refusal of this Court to consider some of his defaulted issues would result in a fundamental miscarriage of justice. In his Traverse, he states that the failure of his counsel to properly deal with the use of aggravators (ground ten of his Petition) prejudiced him because "he was sentenced to the maximum sentence of 60 years for murder instead of the presumptive sentence of 40 years." (Traverse 20, ECF No. 17.) The Petitioner argues that for this Court "[n]ot to hear this claim would be a miscarriage of justice." (*Id.*) The Petitioner, however, does not assert in this argument that he is actually innocent of the charges against him; only that he received a longer sentence than he deserved. Because there is no conceivable actual innocence argument regarding ground ten of his Petition, the Petitioner has not established a fundamental miscarriage of justice under *Schlup v. Delo*.

In ground five of his Petition, the Petitioner states that the trial court allowed the "skull of [the] victim to be used as a visual aide as well as allowing each [juror] to handle the skull." (Petition 5.) In his Traverse, the Petitioner argues that the "skull-Brady violation . . . result[ed] in a miscarriage of justice with no application of state or federal laws." (Traverse 12.) The

argument concerning the visual aid also does not contend that the Petitioner is actually innocent of the crime to which he confessed. Further, the fact that the trial court allowed the jurors to handle the victim's skull does not suggest that the Petitioner was actually innocent of the murder.

A habeas petitioner who asserts actual innocence bears the burden of proof and must demonstrate his innocence. *McAdory*, 341 F.3d at 626–27. The Petitioner has not demonstrated his innocence, and therefore has not overcome his procedural default by establishing that the Court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice.

Accordingly, the Court will deny the requests for habeas relief contained in grounds one, two, three, four, five, six, nine, and ten of the Petition.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

For the reasons stated in this Opinion and Order, this Court concludes that the Petitioner is not entitled to relief because his claims are either barred by the doctrine of procedural default or because they are substantively without merit. The Petitioner has not established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed

further. Accordingly, the Court declines to issue him a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court: (1) DENIES the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1] pursuant to 28 U.S.C. § 2254(b)(1)(A); (2) DIRECTS the Clerk to close this case; and (3) DENIES the Petitioner a certificate of appealability.

SO ORDERED on January 29, 2013.

                                                   s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT
                                                  FORT WAYNE DIVISION